THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELA MCLAUGHLIN, | § | |
| CHERYL ACKER, | § | |
| ELLA WILSON, | § | |
| JENNIFER LEVINE, | § | |
| JENNIFER WEAN, | § | |
| MARGARET L. KERR, | § | |
| MARIE DANLEY, | § | |
| MARK D. WEBSTER, | § | |
| SHIRLEY MOODY, | § | |
| NOEL A. LUNSFORD, | § | |
| CHENG HSIEH, | § | |
| CYNTHIA BRINKMAN, ET. AL., | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. H-08-00798 |
| | § | (JURY) |
| v. | § | |
| | § | |
| INTREPID HOLDINGS, INC.; | § | COLLECTIVE ACTION |
| INTREPID HOLDINGS, INC., | § | |
| d/b/a INTREPID HOLDINGS, | § | |
| INC.; INTREPID HOLDINGS, | § | |
| INC., d/b/a RX FULFILLMENT | § | |
| SERVICES, INC.; RX | § | |
| FULFILLMENT SERVICES, | § | |
| INC.; MY URBAN CLINIC, INC.; | § | |
| MY URBAN CLINIC, INC., d/b/a | § | |
| MY CLINIC; MY HEALTHY | § | |
| ACCESS, INC.; | § | |
| TELEMEDICUS, INC.; | § | |
| TONY MEANS, INDIVIDUALLY; | § | |
| MAURICE R. STONE, INDIVIDUALLY; | § | |
| KEVIN M. BELL, INDIVIDUALLY; | § | |
| EDDIE DOUGLAS AUSTIN, JR., | § | |
| INDIVIDUALLY, ET. AL., | § | |
| | § | |
| Defendants. | § | |

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

TO THE HONORABLE JUDGE MELINDA HARMON:

Plaintiffs Angela McLaughlin, et. al. ("Plaintiffs") file this
Response to Defendants' Motion to Dismiss, and in support thereof
would show as follows:

## I.  PROCEDURAL HISTORY

1.    Plaintiffs filed their Original Collective Action Complaint on March 12, 2008, alleging Defendants violated the Fair Labor Standards Act ("FLSA").  Plaintiffs allege Defendants violated both the minimum wage and overtime provisions of the FLSA.

2.    On April 3, 2008, Defendants filed Defendants' Motion to Dismiss and Original Answer.  This Response addresses the issues raised in Defendants' Motion to Dismiss.

## II. SUMMARY OF THE ARGUMENT

3.    All Defendants, with the exception of Toney Means and My Urban Clinics, Inc., have asserted that, under the facts of this case, they are not "employers" as that term is understood in the context of the FLSA. As such, based on their attached affidavit, the moving Defendants ("Defendants") seek to have this Court dismiss Plaintiffs' suit against them.

4.    Defendants contend that unless they were actually engaged in an employer-employee relationship with Plaintiffs, as such a relationship was understood at common-law, no cause of action for violation of the FLSA can be maintained in the absence of privity of contract.  Specifically, Defendants argue that the FLSA's definition of the term "employer" is limited to that contemplated by common law.

5.    Defendants have attached the affidavit of Kathleen Delaney, Attorney at Law, in support of their Motion to Dismiss.

-2-

Ms. Delaney is identified only as an "Attorney at law" of the State of Mississippi. Defendants provide no further foundation or qualifications for Ms. Delaney to render an opinion in this matter, other than the fact that Ms. Delaney is "familiar with the claims of all Plaintiffs." In conclusory fashion, Ms. Delaney then swears that 1) all Plaintiffs were employees of My Urban Clinics, Inc., and 2) that no Plaintiff had privity of contract with any Defendant in this matter.

6.    In Response, a Rule 12(b)(6) Motion to Dismiss is not the appropriate vehicle by which to advance Defendants' argument. Such a Motion is meant to test the legal sufficiency of Plaintiffs' claims. Arguments regarding issues of fact unique to a particular case are simply inapposite at this stage, as the Court must accept all well-pleaded facts as true and view them in the light most favorable to Plaintiffs.

7.    Because the Court is limited to the contents of the pleadings in conducting its review, documents not referred to in the Complaint, such as affidavits, are not considered. This would exclude consideration of Ms. Delaney's affidavit.

8.    Finally, notwithstanding Defendants' interpretation of the law, an interpretation that is completely free from citation to any authority whatsoever, the term "employer" is actually looked at quite differently in the context of the FLSA than it was understood under common law, a fact noted by a number of different

courts. Assuming the facts of Plaintiffs' Complaint as plead are
true, it is undisputed that Plaintiffs' Complaint does indeed state
a claim for relief which can be granted. Defendants' Motion to
Dismiss, therefore, should be denied as a matter of law.

III. APPLICABLE LEGAL STANDARDS FOR A RULE 12 (b)(6) MOTION

9.    A motion to dismiss under Rule 12(b)(6) "is viewed with
disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v.
Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir.1982). Under Rule
12(b)(6), the court must accept all well-pleaded facts as true and
view them in the light most favorable to the plaintiff, resolving
inferences and doubts in the plaintiff's favor. *Lowrey v. Tex. A &
M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir.1997).

10.    The district court may not dismiss a complaint under Rule
12(b)(6) "unless it appears beyond doubt that the plaintiff can
prove no set of facts in support of his claim which would entitle
him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99,
2 L.Ed.2d 80 (1957).

11.    Unlike motions for summary judgment, a Rule 12(b)(6)
motion "only tests whether the claim has been adequately stated in
the complaint." *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 220
(5th Cir.1998). "Pursuant to Rule 8(a), a complaint will be deemed
inadequate only if it fails to (1) provide notice of the
circumstances which give rise to the claim, or (2) set forth
sufficient information to outline the elements of the claim or

-4-

permit inferences to be drawn that these elements exist." *Gen. Star Indem. Co. v. Vesta Fire Ins. Corp.,* 173 F.3d 946, 950 (5th Cir.1999).

12. In considering a Rule 12(b)(6) motion to dismiss, a court must limit itself to the contents of the pleadings, with one exception. In *Collins v. Morgan Stanley Dean Witter,* the Fifth Circuit approved the district court's consideration of certain documents the defendant attached to a motion to dismiss. *Collins,* 224 F.3d at 498-99. The Fifth Circuit "restricted such consideration to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A & M Univ.,* 343 F.3d 533, 536 (5th Cir.2003) (citing *Collins,* 224 F.3d at 498-99).

## IV. ANALYSIS OF DEFENDANTS' MOTION TO DISMISS

13. Defendants have totally failed to undertake any analysis of whether or not, if taken as true, Plaintiffs' allegations against Defendants could result in a finding of liability against Defendants under the theories asserted by Plaintiffs. Instead, Defendants attempt to show why, based upon facts asserted in an affidavit, with the assistance of law that appears to have simply been created from whole cloth, Defendants are not "employers" under the FLSA.

14. In support of their Motion, Defendants urge the adoption of a new, as yet unheard of standard for determining employer

-5-

status under the FLSA, one focusing on common law concepts of the employer-employee relationship, as opposed to the more commonly recognized "economic reality" test.[1]

15. According to Defendants, the law regarding employer liability "is no more expansive than the common law concept of the employer-employee contractual relationship." Defendants' Motion to Dismiss, page 1. Defendants then assert that absent such common law relationship, privity of contract must exist in order for liability to attach for violations of the FLSA. *Id.*

16. In fact, case law is almost uniform in agreement that common law considerations are not taken into account in determining whether one is an employer under the FLSA: whether a party is an employer or not is "*not circumscribed by formalistic labels or common law notions of the employment relationship.*" *Donovan v. Sabine Irrigation Co., Inc.,* 695 F.2d 190, 195 (5th Cir. 1983); *Bartels v. Burmingham,* 332 U.S. 126; 67 S.Ct. 1547 (1947).

17. Indeed, 29 U.S.C. § 203(d) adopts the definition of the term "employer" that is broader than that of common law, contemplating the possibility of several simultaneous employers,

---

[1] Whether an entity is an employer for the purpose of the FLSA turns on the "economic reality" of the working relationship. *Goldberg v. Whitaker House Co-Op., Inc.,* 366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961). The determination of an employment relationship "does not depend on ... isolated factors but rather upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 730, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947).

-6-

any one of which may be liable under the Fair Labor Standards Act. *Hodgson v. Arnheim & Neely, Inc.*, 444 F.2d 609, rev'd on other grounds, 93 S.Ct. 1138 (1973), reh'g denied 93 S.Ct. 1888(1973). *See also Mednick v. Albert Enterprises*, 508 F.2d 297 (5th Cir. 1975) (terms "independent contractor", "employee" and "employer" are *not to be construed in their common law senses* when used in federal social welfare legislation such as the Fair Labor Standards Act); *Reich v. Shiloh True Light Church of Christ*, 895 F.Supp. 799, aff'd without opinion 85 F.3d. 616 (4th Cir. 1994) (same).

18. Without belaboring the point, federal courts almost universally state that the definition of "employer" is to be interpreted "broadly" to achieve Congress' intent to provide a remedy to employees for their employers' wage and hour violations. See ¶ 17, *supra*.

19. It is in this context, then, that courts will examine the "economic reality" of the working relationship between the parties in an attempt to determine whether or not an entity or an individual is an employer. *Donovan v. Sabine Irrigation Co. Inc.*, 695 F.2d at 195. *See also* footnote 1, *supra*.[2] Because Defendants fail to cite to any cases, Defendants fail to show how Plaintiffs, using the relevant, applicable law (in this case, the economic realities test), could not meet the elements required to show

---

[2]Defendants' argument regarding the necessity of showing privity of contract, therefore, is specious.

employer status, assuming the truth of all well-pleaded facts in Plaintiffs' Complaint. As such, Defendants fail to set forth any argument or proof in support of a serious claim that they could not possibly be considered to be employers under the FLSA.

20. A review of Plaintiffs' Complaint indicates that Plaintiffs allege that every single named Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and the members of the Class. ¶7 makes this allegation with respect to Defendant Means; ¶8 makes this allegation with respect to Defendant Stone; ¶9 makes this allegation with respect to Defendant Bell; ¶10 makes this allegation with respect to Defendant Austin, Jr.; ¶27 makes this allegation with respect to Defendants Intrepid Holdings, Inc., Intrepid Holdings, Inc. d/b/a Intrepid Holdings, Inc. and Intrepid Holdings, Inc. d/b/a RX Fulfillment Services, Inc.; ¶28 makes this allegation with respect to Defendant RX Fulfillment Services, Inc.; ¶29 makes this allegation with respect to Defendant My Urban Clinic, Inc., and My Urban Clinic, Inc. D/b/a My Clinic; ¶30 makes this allegation with respect to Defendant My Healthy Access, Inc.; and ¶31 makes this allegation with respect to Defendant Telemedicus, Inc. Assuming the truth of the facts asserted in Plaintiffs' Complaint, Defendants have presented no arguments, law or facts demonstrating that such assertions of their liability as employers within the context of the FLSA are somehow legally

-8-

defective, insufficient, or otherwise untenable as a matter of law.

## V.   Conclusion

Because Defendants have submitted neither analysis nor argument even suggesting that there is no possibility of recovery on the facts as plead by Plaintiffs, assuming the pleadings are taken as true, further analysis of Defendants' Motion to Dismiss serves no valid purpose. Defendants Motion to Dismiss must fail as a matter of law, for the reasons set forth above.

Respectfully submitted,

Mark Siurek
TBA# 18447900
Federal ID# 9417
3355 W. Alabama, Suite 1010
Houston, Texas   77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Federal ID# 13941
3355 W. Alabama, Suite 1010
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com

-9-

Law Office of Douglas B. Welmaker
Douglas B. Welmaker
Federal Bar No. 17038
Texas Bar No. 00788641
3355 West Alabama, Suite 1010
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
dwelmaker@warrensiurek.com

## CERTIFICATE OF DELIVERY

I hereby certify that a true and correct copy of the foregoing
Plaintiffs' Response to Defendants' Motion to Dismiss was sent
electronically to all counsel via Notice of Electronic Filing on a
known Filing User, as well as by facsimile, on this, the 23rd day
of April, 2008.

Mark Siurek
Patricia Haylon

-10-