IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANGELA MCLAUGHLIN, *et al*, } | |
| } | |
| *Plaintiffs*, } | |
| v.   } | Civil Case No. 4:08-cv-798 |
| } | |
| INTREPID HOLDINGS, INC., *et al*, } | |
| } | |
| *Defendants*. } | |

**MEMORANDUM OPINION AND ORDER**

Presently before the Court are Defendants' Motion to Dismiss (Doc. 15) and Defendant Kevin Bell's Motion to Dismiss (Doc. 21). Upon review and consideration of these documents, the responses thereto, and the relevant legal authority, the Court hereby ORDERS that both of these motions are DENIED.

I.      Background & Relevant Facts

Plaintiffs Angela McLaughlin, Cheryl Acker, Ella Wilson, Jennifer Levine, Jennifer Wean, Margaret L. Kerr, Marie Danley, Mark D. Webster, Shirley Moody, Noel A. Lunsford, Cheng Hsieh, and Cynthia Brinkman (collectively, the "Plaintiffs") initiated suit against Defendants Intrepid Holdings, Inc., Intrepid Holdings, Inc., d/b/a Intrepid Holdings, Inc., Intrepid Holdings, Inc., d/b/a RX Fulfillment Services, Inc., RX Fulfillment Services, Inc., My Urban Clinic, Inc., My Urban Clinic, Inc., d/b/a My Clinic, My Healthy Access, Inc., Telemedicus, Inc., Tony Means, Maurice R. Stone, Kevin M. Bell, and Eddie Douglas Austin, Jr. (collectively, the "Defendants") on March 12, 2008, for violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.* Specifically, the Plaintiffs allege that the Defendants do not pay their non-exempt employees time-and-a-half overtime wages and that the Plaintiffs

were not compensated for at least one entire pay period because the paychecks issued were returned to the Plaintiffs for non-sufficient funds by the bank on which these paychecks were drawn.

The Defendants, with the exception of My Urban Clinic, Inc. ("MUCI"), filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action upon which relief can be granted. (Doc. 15). Defendant Kevin Bell also filed a motion to dismiss on such grounds. (Doc. 21). The premise of both of these motions is that the Defendants do not fall within the extended statutory definition of "employer" as set forth in 29 U.S.C. § 203(d). The Defendants' motion requests that "the complaint against seven (all but MUCI and Tony Means) or eight (all but MUCI) of the other Defendants should be dismissed for failure to state a claim upon which relief can be granted." (Doc. 15 at 1). The Plaintiffs have filed responses in opposition to both of these motions.

II.        Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face. *Id.* at 1974. However, a Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Therefore, the complaint must be liberally

construed in favor of the plaintiff, all reasonable inferences are to be drawn in favor of the plaintiff's claims, and all factual allegations pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). Nevertheless, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

III.     Discussion

After liberally construing the complaint in favor of the Plaintiffs, drawing all reasonable inferences in favor of the Plaintiffs' claims, taking as true all factual allegations pleaded in the complaint, and reviewing the Defendants' motions[1] and the responses filed thereto, the Court finds that the Defendants' motions must be denied. The main contention in these motions is that certain defendants should be dismissed from the action because they do not fall within the definition of "employer" under the FLSA. The Court finds that it would be inappropriate at this juncture to dismiss these defendants on this basis.

Under the FLSA, an "employer" "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). A FLSA employer must comply with the FLSA's requirements for all the workers it "employs," a term defined as "includ[ing] to suffer or permit to work." 29 U.S.C. § 203(g). For the purposes of the FLSA, the term "employer" has been given a broad meaning. *United States DOL v. Hooglands Nursery, LLC*, Civil Action No. 07-0533, 2008 U.S. Dist. LEXIS 46409, at * 9 (W.D. La. June

---

[1] The Court notes that it may not consider the affidavit of Kathleen Delaney, Attorney at Law, attached as an exhibit to the Defendants' motion. (Doc. 15). The Court's inquiry is limited to the complaint and the documents attached to or incorporated in the complaint. *Lovelace*, 78 F.3d at 1017.

- 4 -

13, 2008) (citing *Wirtz v. Soft Drinks of Shreveport, Inc.*, 336 F. Supp. 950 (W.D. La. 1971); *Walling v. Atlantic Greyhound Corp.*, 61 F. Supp. 992 (D. S.C. 1945)).

    At this stage of the litigation, the Court finds that it would be premature to dismiss any of the Defendants. Although the Court has accepted all of the allegations in the complaint as true, the Court cannot adequately ascertain which of the Defendants is an "employer" as that term is defined under the FLSA. The Court finds that additional discovery on this issue, specifically on the Defendants' relationships with one another, as well as their relationships with the Plaintiffs, should be conducted.

IV.    Conclusion

    Accordingly, the Court hereby ORDERS that Defendants' Motion to Dismiss (Doc. 15) and Defendant Kevin Bell's Motion to Dismiss (Doc. 21) are DENIED.

    SIGNED at Houston, Texas, this 22nd day of October, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE